# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01728-MTS |
| | ) | |
| JERMAINE C. PATE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF SUMMARY REMAND**

Jermaine C. Pate, an inmate at the Moberly Correctional Center, has instituted this civil action by filing a document titled "Defendant's Verified Notice of Removal" (also "Notice"). Doc. [1]. Pate did not pay the required filing fee or file the affidavit required by 28 U.S.C. § 1915(a)(1). Instead, he filed a certified copy of his inmate account statement and included the following language in the Notice: "I hereby request that I be allowed to proceed in forma pauperis based upon the accompanying certified copy of account statement." *Id.* at 3. Pate's request will be denied, and this case will be summarily remanded.

\* \* \*

Congress has mandated that the Clerk of this Court—like the clerk of any federal district court—require a filer "instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350," along with any "additional fees" prescribed by the Judicial Conference of the United States. 28 U.S.C. §§ 1914(a), (b).[1] The Judicial Conference has prescribed a $55 administrative fee for instituting a civil action in federal

---

[1] Congress exempted applications for writs of habeas corpus, for which "the filing fee shall be $5." 28 U.S.C. § 1914(a).

district court.  *See* Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, ¶ 14 (effective Dec. 1, 2023).  Accordingly, the total filing fee for this action is $405.

Congress has also given district courts the power to "authorize the commencement" of any suit, action, or proceeding without the prepayment of fees if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his inability to pay, and the nature of the action.  *See* 28 U.S.C. § 1915(a)(1).  When the filer is a "prisoner" as defined in 28 U.S.C. § 1915(h), as Pate is, the Prison Litigation Reform Act of 1996 ("PLRA") imposes additional requirements.

The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good."  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g).  *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pate has, while incarcerated, brought three or more actions in this Court that were dismissed for one of the reasons set forth in 28 U.S.C. § 1915(g).  *See Pate v. Gilmer*, 4:21-cv-01488-ACL, 2022 WL 1538657, *3 (E.D. Mo. May 16, 2022); *Pate v. Precythe*, 2:22-cv-00050-NAB, 2022 WL 5075083, *12 (E.D. Mo. Oct. 4, 2022); *Pate v. Precythe*, 2:22-cv-00080-PLC, 2023 WL 1927243, *5 (E.D. Mo. Feb. 10, 2023); *Pate v. Chapman*, 2:22-cv-00051-AGF, 2023 WL 2043297, *6 (E.D. Mo. Feb. 16, 2023).  And he has alleged no specific facts that would permit the conclusion that he is under imminent danger of serious physical injury.  As a result, even if

2

Pate had filed the affidavit required by § 1915(a)(1), this Court would be unable to grant him leave to proceed without the prepayment of fees.

Notwithstanding the above, the Court must enter an order of summary remand. *See* 28 U.S.C. § 1455(b)(4). In his Notice, Pate states that he seeks to remove *State of Missouri v. Pate*, No. 13SL-CR01396-01 (21st Jud. Cir. 2013) to this Court pursuant to 28 U.S.C. § 1455. Although § 1455 establishes the procedure for removing state-court criminal prosecutions to federal court, it does not supply a substantive basis for removal. Three "extraordinarily limited" statutes supply such a basis, *see Parker v. Missouri*, 4:24-cv-01464-SRW, 2024 WL 4679073, *1–2 (E.D. Mo. Nov. 5, 2024) (describing each statute and their requirements), and after examining the Notice, the Court finds none of the relevant statutes apply here.

But even if there were a statute permitting Pate to remove his state-court criminal prosecution, he has not followed the procedure that § 1455 requires. A criminal defendant seeking removal must include with the removal notice a copy of all process, pleadings, and orders served upon him. 28 U.S.C. § 1455(a). Pate did not comply with that requirement. Section 1455 also requires that the defendant file the removal notice no later than 30 days after arraignment or at any time before trial, unless good cause is shown. 28 U.S.C. § 1455(b)(1). Here, a jury found Pate guilty of first-degree robbery and armed criminal action, and on July 2, 2014, the Court sentenced Pate to serve two concurrent thirteen-year prison terms. Pate's convictions and sentences were affirmed on appeal, *see State of Missouri v. Pate*, 469 S.W.3d 904, 914 (Mo. Ct. App. 2015), and he unsuccessfully sought federal habeas relief in this United States District Court, *see Pate v. Sachse*, 4:19-cv-00207-RLW, 2020 WL 1323897, *3 (E.D. Mo. Mar. 20, 2019). Pate has already been tried, convicted, and sentenced, and there is no basis to find good cause to allow removal now.

Having found that "it clearly appears from the face of the notice" that removal should not be permitted, the Court will enter an order of summary remand. 28 U.S.C. § 1455(b)(4).

Accordingly,

**IT IS HEREBY ORDERED** that Pate's request for leave to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **SUMMARILY REMANDED** to the Circuit Court of St. Louis County, 21st Judicial Circuit of Missouri. The Clerk is directed to send a certified copy of this Order of Remand via mail to the Clerk of St. Louis County Circuit Court.

Dated this 15th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE